(March 11, 1889.)

CLOUGH, PRESIDENT OF COUNCIL, v. CURTIS, SECRETARY
OF TERRITORY.

[22 Pac. 8.]

APPLICATION FOR WRIT OF MANDATE.—The secretary of the territory must receive from the clerks of both branches of the legislature, at the close of each session, all bills and papers belonging to the archives of the respective Houses, and all books of both Houses, and certify to the reception of the same. He is not required nor permitted to receive any documents from any other source. It is not within the scope of *mandamus* to confer power upon those to whom it is directed. It only enforces the exercise of powers already existing, when its exercise is a duty.

Arthur Brown, Lyttleton Price, Texas Angel, and S. B Kingsbury, for the Petitioner.

James H. Hawley and John S. Gray, for Respondent.

WEIR, C. J.—This is an application by the plaintiff for a writ of mandate to be directed to the defendant above named. The grounds upon which the writ is asked are fully set out in the petition of the plaintiff, which reads as follows: "Your applicant respectfully shows to your honorable court that he is the president of the council of the fifteenth session of the legislature of Idaho territory. That he was duly elected, qualified, and acted as, and is the acting, president of that body. That the defendant, Edward J. Curtis, is the secretary of the territory of Idaho. That, on the sixtieth day of the said session of the legislature, February 7, 1889, the following proceedings were had in the council: That the said council continued in session during the whole of the said sixtieth day till 12 o'clock, midnight, of that day, and thereafter till about 1 o'clock of the next succeeding morning. That at that time a communication was received by the said council from the chief clerk of the House of Representatives of the said fifteenth session, announcing that the said House of Representatives had then and there elected one George P. Wheeler a Speaker *pro tem.* of the said House of Representatives. That this communication was received long after the sixtieth day had expired, to wit, about 1 o'clock of the 8th day of February, 1889. That your applicant, the president of the council, then and there declined to receive the said message as a message from the House, for the reason that the said House of Representatives had no authority to elect a Speaker after the sixty days prescribed by the limitation of the act of Congress had expired. That thereupon this applicant, as president of said council, did then and there announce to the council and declare 'that, because the hour of 12 o'clock and after had arrived, and the time had elapsed in which the said legislature was permitted to transact business, therefore the said council was adjourned without day,' and your applicant alleges that the said fifteenth session of the council of the legislature of Idaho territory was then and there adjourned and terminated. That your applicant then inquired of the chief clerk, Edward L. Curtis, if the said adjournment was recorded in the minutes of the proceedings of the said session, and received the reply from him that it was. Your applicant further

shows that the said council then dispersed, and he himself, and other members of the council, left the room, and your applicant is informed, and alleges on information and belief, that, after the said president of the council and other members of the council had left the room, other members assumed and pretended to reorganize the said council, and assumed and pretended to elect one S. F. Taylor president *pro tem.* of said council, and to elect other officers of the council, and assumed and pretended to transact legislative business thereafter, and assumed and pretended to pass enactments which the said persons, pretending to be a legislature, did then and there assert and claim were acts of the legislature of the fifteenth session of Idaho territory. That, as your applicant is informed, and on his information and belief charges, there are some seventeen of said pretended acts of the legislature thus assumed and pretended to be passed by the said persons after the time had expired for holding said session of the legislature. Your applicant further alleges that, in making up and preparing a record of the said sixtieth day of the said session of the legislature, the clerk did not show thereafter the same to this applicant, and your applicant has never seen, till after the said chief clerk had filed with the secretary of the territory, the defendant herein, certain papers which he claimed and pretended were the proceedings of the said sixtieth day of the said session of the council, but which, in truth and in fact, were a false and fictitious account of the proceedings of that day, signed by S. F. Taylor, and not signed by J. P. Clough, president of the council, as required by the rules and practice of the council. That your applicant has now seen the said pretended proceedings in the office of the secretary of the territory, and finds that a part of the said pretended minutes or records has been cut out. That there are three stubs of leaves which have been part of the former proceedings of the records or minutes of the said fifteenth session. That that part of the minutes which recites that the said president of the council had declared the said session adjourned, and his reasons therefor, has been cut out, and was omitted from the minutes as filed with said secretary of the territory. That this applicant, the president of the said council, did, on the fourteenth day

of February, 1889, call the attention of the said secretary of
the territory to the said cut leaves, and stated to him the pro-
ceedings which should have appeared therein, and handed to
him a report of the proceedings as they actually occurred, and
demanded that the same should be incorporated with the pro-
ceedings of the said legislature, and be recorded as a part of
the proceedings of the council of said legislature. That the
said Edward J, Curtis. secretary of the territory of Idaho,
did then and there decline to record the said adjournment and
proceedings, and each and every part thereof, as part of the
proceedings of the said legislature. And your applicant did
then and there also demand that the said report, as furnished
by this applicant, should be certified to Congress as a part and
a portion of the proceedings of the legislature of Idaho for
the fifteenth session. That the said Edward J. Curtis did then
and there refuse to report the said adjournment as a part of
the said proceedings, or any part of the report, as furnished
by this applicant; and your applicant, after having stated and
certified to said Edward J. Curtis, secretary of the territory
of Idaho, that all of the alleged proceedings wherein it was
pretended and claimed that said S. F. Taylor was president
*pro tem.* were had after the hour of 12 o'clock, and after the
adjournment of the said council by the president thereof, de-
manded that the said subsequent pretended proceedings and
pretended legislation should not be recorded as a part of the
proceedings of the legislature, and, if already recorded, that
the same be expunged from the record of the proceedings of
the fifteenth session of the said legislature—all of which the
said secretary of the territory declined to do, and still does
decline to treat the said pretended proceedings and acts signed
by the said S. F. Taylor as president *pro tem.* as null and void,
and threatens to report the said proceedings of the council of
the said legislature, and threatens to certify the same to Congress
as a part of the said proceedings. Wherefore, your applicant
prays that a writ of *mandamus* may issue from this honorable
court, commanding the said Edward J. Curtis, secretary of Idaho
territory, to record the said report of your petitioner as a part of
the proceedings of the said fifteenth session of the council of the
territory of Idaho, and commanding him to expunge from the

records and minutes of the sixtieth day of said session all the pretended proceedings assumed to be done by S. F. Taylor, as president of the council, and to strike from the files and records of the laws of Idaho those pretended acts of the legislature, which were passed while the said S. F. Taylor pretended to be president *pro tem.* of the council, and signed by him as such, and for such other relief as may be proper under the circumstances."

Upon this petition the court granted an alternative writ of mandate, returnable on the fourteenth day of February, 1889, to which the defendant demurred, and assigned for cause the following grounds: "1. That the court has no jurisdiction of the person of the defendant or the subject of this proceeding; 2. That the plaintiff has no legal capacity to sue, in this: that the said writ does not show that he has any beneficial interest therein; that if he be the officer alleged in said writ at the time of the commencement of this action, the proceedings should have been brought upon the relation of the proper prosecuting officer; 3. That it does not state facts sufficient to constitute a cause of action or proceeding of this kind; 4. That the same is ambiguous and uncertain in this: that the same does not clearly state what act or acts the defendant is required to perform, what matters are sought to be inserted in said journals and minutes, and what to be stricken out."

This proceeding is based on sections 3815 and 3816 of the Revised Statutes of this territory. Section 3815 declares that the jurisdiction of this court is of two kinds, original and appellate. Section 3816 provides that "its original jurisdiction extends to the issuance of writs of mandate, review, prohibition, *habeas corpus,* and all writs necessary to the exercise of its appellate jurisdiction."

We do not deem it necessary to notice the various grounds set out in this demurrer, but will confine our attention to the third cause assigned, which is as follows: "That it does not state facts sufficient to constitute a cause of action or proceeding of this kind." The decision of the court upon this ground disposes of the case according to our view, and renders unnecessary a discussion of the other grounds. The consideration and decision of the question raised by this ground of demurrer

necessarily involves an inquiry into the powers and duties of the defendant secretary, conferred upon him by law. Section 124 of the Revised Statutes of Idaho prescribes the duties of the chief clerk of the legislative council, and the duties of the defendant, as secretary of the territory, in reference to the journals and rolls of that body, in these words: "The clerks, at the close of each session of the legislature, must mark, label, and arrange all bills and papers belonging to the archives of their respective Houses, and deliver them, together with all the books of both Houses, to the secretary of the territory, who must certify to the reception of the same." Section 1844 of the organic act imposes further duties upon the secretary of the territory, and prescribes and defines those duties as follows: "The secretary shall record and preserve all the laws and proceedings of the legislative assembly, and all the acts and proceedings of the governor in the executive department. He shall transmit one copy of the laws and journals of the legislative assembly within thirty days after the end of each session thereof, to the President, and two copies of the laws, within like time, to the President of the Senate and to the Speaker of the House of Representatives, for the use of Congress. He shall transmit one copy of the executive proceedings and official correspondence semi-annually, on the first day of January and July in each year, to the President. He shall prepare the acts passed by the legislative assembly for publication, and furnish a copy thereof to the public printer of the territory, within ten days after the passage of each act." And afterward, by act of Congress of June 20, 1874, further duties were imposed upon him, which are as follows: "And hereafter it shall be the duty of the secretary of each territory to furnish estimates in detail for the lawful expenses thereof, to be presented to the secretary of the treasury on or before the first day or October of every year." The duties of the defendant secretary are very clearly defined by these statutes. They constitute the chart of his authority. He is bound to perform the duties thus imposed upon him, but nothing more. He must receive from the clerks of both branches of the legislature, at the close of each session, all bills and papers belonging to the archives of the respective Houses, together with all the books of both Houses,

and must also certify to the reception of the same. He is not required, nor, in fact, permitted, to receive and record any such documents from any other source. Clearly, it was not his duty to receive from the plaintiff his alleged report of the proceedings, as he claimed them to be, or to incorporate the same in the proceedings of the said legislature, or to record the same as a part of the proceedings, or to certify the same to Congress. It is equally clear that it was not the duty of the secretary, upon the plaintiff's demand, to expunge from the journal and minutes of the sixtieth day of said session the proceedings assumed to be had before S. F. Taylor as president of the council, or to strike from the files and records the alleged pretended acts of the legislature, which were passed while the said S. F. Taylor was acting as president *pro tem.* of the council. Not only was he not authorized to do what was demanded of him, but, if he had done so, it would have been a clear breach of his official duty. The law authorized him to receive such reports from one source only, and he could not receive them from any other. The president of the council had no more right to make this demand upon the secretary than would any other member of the legislature; and certainly, upon the unsupported word of one member of the legislature only, the secretary would not be authorized to change, modify, or expunge from the journal, which he had received from the proper source, anything therein contained. Neither had he the right to assume judicial functions, and decide upon evidence what should constitute the proceedings of the legislature.

It is not within the scope of *mandamus* to confer power upon those to whom it is directed. It only enforces the exercise of powers already existing, when its exercise is a duty. (*United States v. County of Clark,* 95 U. S. 769.) The court there say: "A *mandamus* does not confer power upon those to whom it is directed. It only enforces the exercise of power already existing, when its exercise is a duty." In the case of *Supervisors v. United States,* 18 Wall. 77, Mr. Justice Strong, in delivering the opinion of the court, says: "It is very plain that a *mandamus* will not be awarded to compel county officers of a state to do any act which they are not authorized to do by the laws of the state from which they derive their powers. Such officers

are the creatures of the statute law, brought into existence for public purposes, and having no authority beyond that conferred upon them by the author of their being. And it may be observed that the office of a writ of *mandamus* is not to create duties, but to compel the discharge of those already existing. A relator must always have a clear right to the performance of a duty resting on the defendant before the writ can be invoked." And again, in the case of *United States v. County of Macon,* 99 U. S. 591, the court say: "We cannot create new rights or confer new powers. All we can do is to bring existing powers into operation." We might cite a multitude of authorities which sustain this doctrine, but the principle is so well established that we deem it unnecessary. Certainly, considering this as the well-established law, we cannot create in the secretary of the territory a power to determine from evidence what are the correct minutes of the legislature. No such power is conferred upon him by statute, nor is there any such duty imposed upon him. As we have already stated, he is required to receive such journals as are handed to him by the clerks, and, after receiving them, to perform certain duties in regard thereto such as we have stated. There his power and his duty ends. To dispose of this case it is only necessary to refer to the prayer of the petition, which "prays that a writ of *mandamus* may issue from this honorable court, commanding the said Edward J. Curtis, secretary of Idaho territory, to record the said report of your petitioner as a part of the proceedings of said fifteenth session of the council of the territory of Idaho, and commanding him to expunge from the records and minutes of the sixtieth day of said session all the pretended proceedings assumed to be done by S. F. Taylor as president of the council, and to strike from the files and record of the laws of Idaho those pretended acts of the legislature which were passed while the said S. F. Taylor pretended to be president *pro tem.* of the council, and signed by him as such, and for such other relief as may be proper under the circumstances."

For these reasons, and also for those stated in the case of *Burkhart v. Reed,* ante, p. 503, 22 Pac. 1 (decided at this

term of the court), the demurrer is sustained, and the application for a writ of peremptory *mandamus* is denied, with costs.

Berry, J., dissents.